NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERTO A. GANDIA,**
*Petitioner,*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2013-3162

---

Petition for review of the Merit Systems Protection Board in No. SF0752120185-I-1.

---

Decided: February 7, 2014

---

ROBERTO A. GANDIA, of Marina, California, pro se.

BENJAMIN MARK MOSS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and CLAUDIA BURKE, Assistant Director. Of counsel on the brief was MICHELLE A. WINDMUELLER, Attorney, United States Postal Service, of Washington, DC.

---

Before PROST, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Roberto A. Gandia appeals from an order of the Merit Systems Protection Board ("Board") denying his petition for review of the administrative judge's affirming Mr. Gandia's removal by the United States Postal Service ("USPS"). Because the administrative judge's decision was supported by substantial evidence and the Board's review was in accordance with the law, we affirm.

BACKGROUND

After serving in the Air Force, Mr. Gandia joined the USPS on October 5, 1994. Prior to his removal, Mr. Gandia worked as a full-time city letter carrier in Seaside, California. On January 24, 2011, Mr. Gandia admitted to USPS investigators that he had removed between twenty and fifty gift cards from standard class undeliverable mail, having activated some of them for his own personal use and given cards away to others. Mr. Gandia pled guilty to one count of an officer or employee of the United States converting the property of another under 18 U.S.C. § 654. Subsequently, the USPS sent Mr. Gandia notice that he would be removed from employment effective April 11, 2011. That notice, however, was procedurally defective.

On May 9, 2011, Mr. Gandia filed an appeal of his removal, arguing that the notice failed to inform him of his procedural rights as a veterans' preference eligible employee. On June 21, 2011, the Board dismissed the appeal without prejudice, pending the outcome of the grievance arbitration process between the USPS and Mr. Gandia's union. A settlement in that proceeding resulted in the cancellation of Mr. Gandia's removal, and the USPS agreed to provide status quo ante relief, including back pay. Accordingly, after the arbitration process

concluded, Mr. Gandia refiled his appeal, and on October 25, 2011, the administrative judge entered an order reversing the initial removal. Mr. Gandia remained off duty and without pay.

On September 27, 2011, the USPS issued another, now effective, notice of proposed removal, detailing Mr. Gandia's conversion of gift cards and consequent violation of provisions of the Employee and Labor Relations Manual. Mr. Gandia initiated a grievance with his union regarding the notice of proposed removal on October 7, 2011. On December 5, 2011, the USPS issued a decision letter indicating that it would be removing Mr. Gandia effective December 8, 2011. The letter noted that Mr. Gandia had not provided a written or oral response to the initial notice of proposed removal.

In addition to filing a grievance with his union, Mr. Gandia filed two concurrent appeals. First, Mr. Gandia filed an appeal of his removal with the Board on December 22, 2011. A hearing was held on June 26, 2012. Subsequent to the hearing, on July 12, 2012, the administrative judge issued an initial decision affirming the USPS's December 5, 2011 removal of Mr. Gandia, finding that Mr. Gandia had engaged in unacceptable conduct, there was no harmful procedural error in his removal, and the penalty was appropriate even in light of his previous work record and lack of any other disciplinary action. On August 20, 2012, Mr. Gandia filed a petition for review of the administrative judge's decision by the full Board.

Second, on January 4, 2012, Mr. Gandia separately filed a petition for enforcement with the Board, arguing that the USPS had failed to meet its obligations under the settlement of Mr. Gandia's previous appeal to restore him to status quo ante. On January 20, 2012, the USPS provided Mr. Gandia with back pay of at least $20,357.49, covering the period of April 11, 2011 through December 8, 2011. Following the administrative judge's initial deci-

sion rejecting Mr. Gandia's petition for enforcement, Mr. Gandia appealed to the full Board, citing the USPS's failure to provide back pay prior to his initial removal on April 11, 2011, in addition to arguing that the USPS improperly failed to restore him to his previous position. The Board issued a final order affirming the administrative judge's decision on September 18, 2012, which was not appealed.

On June 14, 2013, the Board issued a final order denying Mr. Gandia's December 22, 2011 petition for review of his removal. The Board determined that Mr. Gandia was estopped from pursuing his argument that the USPS should have restored him to his position prior to issuing a new notice of removal, due to the intervening final order on Mr. Gandia's petition for enforcement. The Board further determined that Mr. Gandia failed to raise any basis for reversing the administrative judge's consideration of the *Douglas* factors, as well as that the errors identified by Mr. Gandia on the face of the notice were harmless. The Board noted that Mr. Gandia failed to raise claims of unlawful discrimination or violation of veterans' preference rights before the administrative judge, and thus the Board did not consider his arguments on those issues. The Board also did not consider Mr. Gandia's due process claims, first raised on appeal, including his allegation that he was denied the opportunity to respond to the USPS's first notice of proposed removal. One Board member filed a concurrence indicating that Mr. Gandia's due process claim should have been considered by the Board. But, even in the concurrence's view, the result would be unchanged because while Mr. Gandia did not provide a direct response to the notice of proposed removal, he did file a grievance subsequent to the notice which indicated that he was in fact given adequate opportunity to respond.

Mr. Gandia timely appeals the Board's final order. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited by statute. Pursuant to 5 U.S.C. § 7703(c), we may only reverse a Board decision if we find the decision to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. *Ward v. U.S. Postal Serv.*, 634 F.3d 1274, 1278 (Fed. Cir. 2011).

We must reverse a decision of the Board if it "is not in accordance with the requirements of the Due Process Clause of the Fifth Amendment or any other constitutional provision." *Id.* As the Board's concurrence points out, even though Mr. Gandia may not have raised due process claims in proceedings below, we may consider them. *Sullivan v. Dep't of the Navy*, 720 F.2d 1266, 1274 n.2 (Fed. Cir. 1983).

Mr. Gandia's due process claims nonetheless fail on the merits. First, Mr. Gandia alleges that the USPS had to first restore him to full employment prior to submitting its second notice of proposed removal. The USPS did not need to do so, however, because following the due process violation arising from the first notice of removal, Mr. Gandia was only "entitled to a new constitutionally correct removal procedure." *Stone v. FDIC*, 179 F.3d 1368, 1377 (Fed. Cir. 1999). Unlike the first notice, the USPS's second notice of proposed removal contained no procedural defects. Second, Mr. Gandia's claim that he was not given the opportunity to reply to the notice also fails as the notice did advise him of the opportunity to reply, and indeed Mr. Gandia proceeded to file a grievance even though he did not respond directly.

Mr. Gandia also fails to show that the USPS's application of the *Douglas* factors in deciding to remove him was unsupported by substantial evidence. *See Douglas v. Veterans Admin.*, 5 M.S.P.R. 280, 305-06 (Apr. 10, 1981)

(including factors such as the nature and seriousness of the offense, relation to employee's position, past work record, and consistency of penalty imposed by the agency). At Mr. Gandia's proceeding before the administrative judge, evidence was presented including witness testimony that indicated that USPS officials had considered Mr. Gandia's work record, the nature of his conduct, his payment of restitution, and his explanation for why he thought he could remove gift cards from undeliverable mail. Considering all these factors, the USPS determined that the penalty of removal was appropriate, which was consistent with the Employment and Labor Relations Manual. The Board considered all of this evidence in affirming Mr. Gandia's removal.

Mr. Gandia's informal briefing does cite to a case in which the Board reversed the USPS's decision to remove a letter carrier who was found to have improperly stored a large amount of mail in his locker. *Robinson v. U.S. Postal Serv.*, 28 M.S.P.R. 681 (Aug. 23, 1985). However, in that case, the Board found that there was no evidence that the employee had appropriated any of the mail for his own use and that he suffered from severe arthritis pain that made it difficult for him to carry mail. *Id.* at 688. Mr. Gandia's offense was more severe, in particular given the USPS's requirements for the integrity of its letter carriers. In sum, Mr. Gandia fails to show that the Board's determination that the USPS had properly decided to remove him was not in accordance with the law nor unsupported by substantial evidence.

Mr. Gandia also does not provide any basis for his additional civil rights and veterans' preference rights claims. These claims were not properly put before the Board as they were not raised with the administrative judge, and there is no record on briefing on these issues. The Board did not abuse its discretion in declining to consider them. *See Carson v. Dep't of Energy*, 398 F.3d 1369, 1376 (Fed. Cir. 2005).

Finally, with respect to Mr. Gandia's claim on appeal that he was improperly denied back pay prior to April 11, 2011, we note that Mr. Gandia raised this issue as part of his petition to enforce the Board's order pursuant to settlement of his appeal of the first, defective notice of removal. The Board issued a final decision on Mr. Gandia's appeal of his petition for enforcement, including the issue of his back pay, on September 18, 2012. Mr. Gandia's appeal of that decision is now untimely and will not be considered, as we do not have the authority to waive a statutory deadline. *See Pinat v. Office of Pers. Mgmt.*, 931 F.2d 1544, 1546 (Fed. Cir. 1991).

CONCLUSION

For the foregoing reasons, we affirm the Board's denial of Mr. Gandia's petition for review of his removal.

**AFFIRMED**

COSTS

Each party shall bear its own costs.